IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTONIO B. ETCHINSON,<br>Petitioner, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO.<br>:    1:04-CV-3163-JOF |
| WARDEN RALPH KEMP,<br>Respondent. | :<br>: |

### OPINION AND ORDER

This matter is before the court on Petitioner's application for a certificate of appealability [20-1] and Petitioner's motion to appeal in forma pauperis [23-1].

Petitioner, Antonio B. Etchinson, an inmate at the Wheeler County Correctional Facility in Alamo, Georgia, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his May 27, 1999 conviction in Clayton County Superior Court for cruelty to children for scalding his four-month-old daughter with hot water resulting in severe burns. In his application, Petitioner raised various ineffective assistance of counsel claims and other Fourth and Sixth Amendment violations.

In an order dated September 26, 2005, the court adopted the Report and Recommendation of Magistrate Judge Gerrilyn G. Brill finding that Petitioner's application for a writ of habeas corpus was not timely under 28 U.S.C. § 2244(d)(1) because it was not filed within the one-year limitations period and also because Petitioner had not proffered sufficient evidence for the court to apply an "actual innocence" exception. In adopting the

AO 72A
(Rev.8/82)

Report and Recommendation, the court rejected Petitioner's contention that the statute of limitations should be tolled because he did not learn of the facts to support his ineffectiveness of counsel claims until the evidentiary hearing regarding his state habeas corpus petition. The court found, instead, that the basis for Petitioner's ineffective assistance claim was not "newly discovered evidence." Petitioner then filed a notice of appeal and the instant motion for a certificate of appealability. Petitioner has not filed a motion to proceed in forma pauperis.

The Eleventh Circuit has set forth the following instructions when considering a certificate of appealability:

> In *Slack*, the Supreme Court clearly laid out the tests that courts should apply in deciding whether to grant a COA, both as to claims disposed of by the district court on the merits and those disposed of on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner [seeking a COA] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. Where a district court has disposed of claims raised in a habeas petition on procedural grounds, a COA will be granted only if the court concludes that "jurists of reason" would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Franklin*, 215 F.3d at 1199 (quoting *Slack*, 529 U.S. at 483, 120 S. Ct. at 1604).

*Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

In his motion for certificate of appealability, Petitioner argues that (1) the court failed to toll the one-year statute of limitations, (2) Petitioner was denied effective assistance of counsel at trial, (3) Petitioner's confession was the product of an illegal search and seizure, (4) Petitioner was denied his right to counsel, and (5) Petitioner was denied the opportunity

adequately to develop his actual innocence claim in state court. The court denied Petitioner's § 2254 motion because it was untimely. As such, the court addresses only Petitioner's timeliness argument. Petitioner again contends that the statute of limitations should have started running on April 8, 2003, at the state habeas corpus evidentiary hearing. For the reasons stated in the court's order adopting the Report and Recommendation of the Magistrate Judge and denying Petitioner's § 2254 motion, however, the court finds this contention without merit.

Having reviewed Petitioner's claims, the court determines that Petitioner has not demonstrated that the issues are debatable among reasonable jurists; that a court *could* resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Accordingly, the court DENIES Petitioner's motion for a certificate of appealability [20-1].

Petitioner also files a motion to proceed on appeal *in forma pauperis*. Typically, before a litigant may proceed with his appeal *in forma pauperis*, this court must determine whether the appeal is taken in good faith. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a). An appeal is not taken in good faith when the litigant seeks review of issues which are frivolous. *Ellis v. United States*, 356 U.S. 674 (1958); *Parsell v. United States*, 218 F.2d 232, 236 (5th Cir. 1955).[1] *See also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (frivolity is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit rendered prior

3

judged from objective standard). An appeal is frivolous when the issues are without arguable merit and therefore futile. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citations omitted). For the reasons stated in the court's order adopting the Report and Recommendation of the Magistrate Judge and denying Petitioner's § 2254 motion, the court finds that the issues Petitioner would raise on appeal are without arguable merit. Accordingly, the court DENIES Petitioner's motion to appeal *in forma pauperis* [23-1].

**IT IS SO ORDERED** this 6th day of December 2005.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

to October 1, 1981.

AO 72A
(Rev.8/82)