IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTONIO B. ETCHINSON,  :  |  |
| Petitioner,  :  |  |
| :  |  |
| v.  :  | CIVIL ACTION NO. |
| :  | 1:04-CV-3163-JOF |
| WARDEN RALPH KEMP,  :  |  |
| Respondent.  :  |  |

**OPINION AND ORDER**

This matter is before the court on Petitioner's motion for extension of time to file notice of appeal [28-1]; motion to withdraw motion for extension of time [29-1]; and motion to resubmit motion for extension of time to file notice of appeal [30-1].

Petitioner, Antonio B. Etchinson, an inmate at the Wheeler County Correctional Facility in Alamo, Georgia, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his May 27, 1999 conviction in Clayton County Superior Court for cruelty to children for scalding his four-month-old daughter with hot water resulting in severe burns. In an order entered September 27, 2005, the court adopted the Report and Recommendation of Magistrate Judge Gerrilyn G. Brill finding that Petitioner's application for a writ of habeas corpus was not timely. On November 2, 2005, Petitioner then filed a motion to proceed *in forma pauperis* and a motion for a certificate of appealability which this

AO 72A
(Rev.8/82)

court also construed as a notice of appeal. The court denied those motions in an order dated December 6, 2005.

On December 9, 2005, the United States Court of Appeals for the Eleventh Circuit issued an order dismissing Petitioner's appeal because his notice of appeal, filed on November 2, 2005, was untimely to appeal from this court's order of September 27, 2005. The Court of Appeals denied Petitioner's motion for reconsideration on February 7, 2006.

On February 24, 2006, Petitioner filed a motion for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5). In that motion, Petitioner avers that he did not receive the court's September 27, 2005 order until October 4, 2005. He filed the notice of appeal on November 2, 2005, 29 days after he received that order. Petitioner then filed a motion to withdraw his motion for an extension of time on March 17, 2006. Petitioner also seems to indicate the motion to withdraw is also to serve as notice of his intent to file an extension of time for appeal. On April 5, 2006, Petitioner resubmitted a motion for an extension of time to file appeal.

It is not clear to the court whether Petitioner would like the court to consider his motion for an extension of time to file an appeal. Even if the court were to consider Petitioner's original motion (and his resubmitted motion of April 5, 2006), however, the court is without jurisdiction to grant Petitioner any relief. Under the Federal Rules of Appellate Procedure, a notice of appeal where the United States is not a party must be filed within 30 days of the date of entry of the judgment. *See* Fed. R. App. P. 4(a)(1). This is a jurisdictional

requirement. A court may extend the time under limited circumstances. Federal Rule of Appellate Procedure 4(a)(5) states that upon a showing of excusable neglect or good cause, a court may extend the time for filing a notice of appeal, so long as the motion to extend is "filed not later than 30 days after the expiration of the time" set forth in Rule 4(a)(1). *Id.* The court may not consider motions filed outside this grace period. *See*, *e.g.*, *Endicott Johnson Corp. v. Liberty Mutual Insurance Co.*, 116 F.3d 53, 56 (2d Cir. 1997).

Here, the court entered its order on September 27, 2005. Therefore, Petitioner had until October 27, 2005, to file a notice of appeal and until Monday, November 28, 2005, to file a motion for an extension of time to file an appeal. Petitioner's notice of appeal was untimely because it was filed on November 2, 2005. His motion for an extension of time to appeal is untimely because it was not filed until February 17, 2006.

Even if the court were to consider Petitioner's motion under Federal Rule of Appellate Procedure 4(a)(6), Petitioner is not entitled to relief. Under the circumstances present here, Rule 4(a)(6) allows the court to reopen the time to file an appeal only if the motion is filed within seven days of the party receiving notice of the entry of the order. Here, Petitioner asserts he received the order on October 4, 2005. Petitioner's motion, filed on February 17, 2006, clearly is not within that seven-day window. Further, it is clear that Petitioner received notice of the order within 21 days of its entry. *See* Fed. R. App. P. 4(a)(6)(B). Finally, the Court of Appeals has already dismissed Petitioner's appeal as untimely and has denied Petitioner's motion for reconsideration. It is unlikely, then, that this court could reopen the

3

time period to file a notice of appeal. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1313 (11th Cir. 2001) (holding that appellant could not seek Rule 60(b) relief from the district court where appeal already taken and dismissed by appellate court).

For the foregoing reasons, the court DENIES Petitioner's motion for extension of time to file notice of appeal [28-1], DENIES AS MOOT motion to withdraw motion for extension of time [29-1], and DENIES AS MOOT motion to resubmit motion for extension of time to file notice of appeal [30-1].

**IT IS SO ORDERED** this 27th day of April 2006.

                                           s/ J. Owen Forrester
                                           J. OWEN FORRESTER
                             SENIOR UNITED STATES DISTRICT JUDGE